1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
9                                      AT TACOMA

10    TERI R.,

11                          Plaintiff,              CASE NO. 3:21-CV-5893-DWC

12           v.                                     ORDER REVERSING AND
                                                    REMANDING DEFENDANT'S
13    COMMISSIONER OF SOCIAL                         DECISION TO DENY BENEFITS
      SECURITY,
14
                            Defendant.
15

16

17           Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

18    Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and

19    supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

20    Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by

21    the undersigned Magistrate Judge. *See* Dkt. 3.

22           After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

23    erred in evaluating the medical opinion of Dr. Wingate and Plaintiff's testimony. These errors

24    were not harmless because a proper evaluation could change the ALJ's RFC assessment and

1  ultimate decision of nondisability. Accordingly, this matter is reversed and remanded pursuant to

2  sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for

3  further proceedings consistent with this Order.

4                              <u>FACTUAL AND PROCEDURAL HISTORY</u>

5         Plaintiff filed her applications for DIB and SSI in April 2015, alleging disability as of

6  December 2, 2014. *See* Dkt. 11; Administrative Record ("AR") 15, 191, 204, 220, 234. The

7  applications were denied upon initial administrative review and on reconsideration. AR 203, 216,

8  232, 246. ALJ Paul Gaughen held a hearing on December 15, 2017 and issued a decision on

9  March 12, 2018 finding Plaintiff not disabled. AR 121-57. Plaintiff requested review of the

10 ALJ's decision to the Appeals Council, but her request was denied. AR 1-6. After Plaintiff

11 sought judicial review of the ALJ's decision, this Court reversed and remanded ALJ Gaughen's

12 decision on January 14, 2020. AR 874-73. ALJ David Johnson held a hearing on remand and

13 issued a decision on June 17, 2021, finding Plaintiff not disabled. AR 767-800. Plaintiff now

14 seeks judicial review of ALJ Johnson's decision.

15        In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred in: (1) evaluating the

16 medical opinion evidence, (2) evaluating her subjective testimony, (3) evaluating lay testimony,

17 and (4) assessing Plaintiff's residual functional capacity ("RFC"). Dkt. 11, p. 2. Plaintiff requests

18 that this Court remand for an award of benefits. *Id*.

19                                   <u>STANDARD OF REVIEW</u>

20        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

21 social security benefits if the ALJ's findings are based on legal error or not supported by

22 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

23 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1

<u>DISCUSSION</u>

2

**I.      Whether the ALJ Erred in Evaluating Medical Opinions**

3

Plaintiff assigns error to the ALJ's evaluation of the medical opinions of Dr. Wingate, Dr.

4

Wilkinson, Dr. Beaty, and Dr. Lewis.  Dkt. 11, pp. 3-11.

5

Plaintiff also summarizes other medical evidence but fails to make any substantive

6

argument about the ALJ's evaluation of any other opinions or impairments other than those

7

discussed herein. Dkt. 11, pp. 7-10. The Court will not consider matters that are not

8

"'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner,*

9

*Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v.*

10

*Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). Thus, the Court will only consider the

11

ALJ's evaluation of the opinions of the four professionals specifically raised.

12

Plaintiff filed her applications before March 27, 2017. AR 15, 191, 204, 220, 234.

13

Pursuant to the applicable rules, in assessing an acceptable medical source, an ALJ must provide

14

"clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or

15

examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*,

16

908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When

17

a treating or examining doctor's opinion is contradicted, the opinion can be rejected "for specific

18

and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d

19

at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*,

20

722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and

21

thorough summary of the facts and conflicting clinical evidence, stating his interpretation

22

thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

23

*Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

24

1        **A.  Dr. Wingate**

2        In March 2015, Dr. Terilee Wingate completed an evaluation and diagnosed Plaintiff

3    with post-traumatic stress disorder (PTSD), alcohol disorder, and cannabis use disorder. AR 537.

4    Based on these impairments, Dr. Wingate found Plaintiff markedly limited with the following

5    basic work activities: performing activities within a schedule, maintaining regular attendance,

6    and being punctual within customary tolerances without special supervision; completing a

7    normal work day and work week without interruptions from psychologically based symptoms;

8    and maintaining appropriate behavior in a work setting. *See* AR 538. In September 2018, Dr.

9    Wingate completed another evaluation and diagnosed Plaintiff with PTSD, major depressive

10   disorder, borderline personality disorder, and alcohol use disorder. AR 1378. Based on these

11   impairments, Dr. Wingate found Plaintiff markedly limited with the following basic work

12   activities: performing activities within a schedule, maintaining regular attendance, and being

13   punctual within customary tolerances without special supervision; learning new tasks;

14   communicating and performing effectively in a work setting; maintaining appropriate behavior

15   in a work setting; and completing a normal work day and work week without interruptions from

16   psychologically based symptoms. *See* AR 1379. The ALJ gave the marked limitations from both

17   evaluations "little weight" due to their inconsistencies with the (1) objective medical evidence

18   and (2) Plaintiff's activities of daily living. *See* AR 785.

19       With respect to the ALJ's first reason, an ALJ may reasonably reject a doctor's opinions

20   when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r*

21   *of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that a treating physician's

22   opinion may properly be rejected where it is contradicted by other medical evidence in the

23   record). Here, the ALJ specifically identified treatment notes from Amy Heckler, ARNP,

24

showing "normal health, hygiene, speech, thought content, affect, insight, and judgment for

everyday activities and social situations;" Dr. Wilkinson showing "findings of normal

appearance, eye contact, cooperation, and affect;" and Dr. Sorensen, Ms. Teeling, and Ms. Russ

showing "normal appearance, health, mood, and affect." *See* AR 785. However, these treatment

notes do not necessarily undermine Dr. Wingate's opinion. The treatment notes cited by the ALJ

were from Plaintiff's presentation during her appointments with various treating sources, while

Dr. Wingate's opinion was provided in the context of Plaintiff's "ability to sustain the activity

over a normal workday and workweek." *See* AR 538, 1379. The ALJ himself acknowledged that

Ms. Heckler's notes were for "everyday activities and situations." AR 785. Notably, Dr.

Sorensen's and Ms. Teeling's observations were from Plaintiff's physical exams during her

appointments with her obstetrician-gynecologist or appointments unrelated to her mental health.

AR 1476-1550, 1560-61. Further, the ALJ seemed to have sidestepped portions of the cited

evidence supporting Dr. Wingate's findings. For example, a review of Plaintiff's systems

revealed depression, anxiety, posttraumatic stress disorder, and agoraphobia, and Plaintiff was

described as apathetic, anxious, and depressed. AR 583, 589, 672, 1561-62. Counseling notes

described Plaintiff's symptoms, including anhedonia, anxiety, depressed mood, fatigue, feelings

of worthlessness/guilt. AR 1552.  Given that the objective medical evidence cited by the ALJ

were either unrelated to Plaintiff's mental ability to perform basic work activities or that the

evidence themselves included notes of Plaintiff's mental health struggles, the Court finds the

ALJ did not properly discount Dr. Wingate's opinion for its inconsistency with the objective

medical evidence.

     With respect to the ALJ's second reason, a material inconsistency between a doctor's

opinion and a claimant's activities can furnish a specific, legitimate reason for rejecting the

1   treating physician's opinion. *See, e.g., Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001)

2   (upholding ALJ's decision to discredit treating physician where his opinions were "inconsistent

3   with the level of activity that [plaintiff] engaged in"); *Morgan v. Comm'r of Soc. Sec. Admin.*,

4   169 F.3d 595, 601–02 (9th Cir. 1999) (upholding ALJ's rejection of treating physician's opinion

5   where it was contradicted by plaintiff's daily activities).

6       Here, the ALJ pointed to Plaintiff's ability care for her three pets, manage her own self-

7   care, perform household chores, and maintain relations. AR 785. But again, Dr. Wingate's

8   opinion was provided in the context of Plaintiff's ability to function during a normal workday or

9   workweek, and "many home activities are not easily transferable to what may be the more

10  grueling environment of the workplace, where it might be impossible to periodically rest or take

11  medication." *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). As the ALJ did not explain

12  how the activities he identified require the tasks and interaction that full-time work involves, the

13  ALJ thus failed to present a valid reason for rejecting Dr. Wingate's marked limitations.

14      By failing to provide at least one specific, legitimate reason supported by substantial

15  evidence for rejecting Dr. Wingate's opinion, the ALJ erred. "[H]armless error principles apply

16  in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error

17  is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the

18  ALJ's "ultimate nondisability determination*." Stout v. Commissioner, Social Security Admin.*,

19  454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to

20  whether an error is harmless requires a "case-specific application of judgment" by the reviewing

21  court, based on an examination of the record made "'without regard to errors' that do not affect

22  the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*,

23  556 U.S. 396, 407 (2009)). In this case, had the ALJ properly evaluated the medical opinion of

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

Dr. Wingate, the ALJ may have found Plaintiff disabled or included additional limitations in her RFC. Accordingly, the ALJ's errors are not harmless and require reversal.

### B. Dr. Wilkinson

Plaintiff contends the ALJ erred by giving great weight to Dr. William Wilkinson's March 2017 opinion but failing to include his assigned limitations in Plaintiff's RFC. Dkt. 11, pp. 6-7.

This Court previously addressed this argument in its January 2020 order, finding that Plaintiff failed to explain how the ALJ's RFC assessment is inconsistent with Dr. Wilkinson's moderate limitations, and that Plaintiff failed to meet her burden to show harmful legal error in the ALJ's assessment of Dr. Wilkinson's opinion. *See* AR 879.

The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citations omitted). The law of the case doctrine "should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id*. Here, as Plaintiff posits the same argument as when this Court issued its January 2020 order, the law of the case doctrine applies. Thus, the Court will not disturb its previous finding.

### C. Dr. Beaty and Dr. Lewis

Both Dr. Edward Beaty and Dr. Jan L. Lewis found Plaintiff either not significantly limited or moderately limited with her ability to socially interact and adapt. *See* AR 200-01, 244-45. The ALJ gave these limitations "significant weight," but Plaintiff contends the ALJ failed to explain how he did so and failed to include them into Plaintiff's RFC assessment. Dkt. 11, p.10-11.

1    An ALJ is not required to provide reasons in support of incorporating a medical opinion

2    into the residual functional capacity determination. *See Turner v. Comm'r of Soc. Sec. Admin.*,

3    613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing

4    reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his]

5    conclusions"). Thus, that the ALJ did not explain how he weighed either Dr. Beaty's or Dr.

6    Lewis's opinion is not error. Plaintiff's argument that the ALJ erred in failing to include their

7    limitations into Plaintiff's RFC even after crediting their opinions also fails, as the ALJ assessed

8    Plaintiff is able to perform light work consisting of simple tasks and procedures and where the

9    general public is typically not present. *See* AR 778. The inclusion of these limitations

10   corresponds to Dr. Beaty's and Dr. Lewis's opinions. Without further explanation as to how the

11   ALJ erroneously incorporated Dr. Beaty's and Dr. Lewis's opinions into Plaintiff's RFC, the

12   Court finds Plaintiff has not met her burden to establish error with the ALJ's evaluation of the

13   medical opinions of Dr. Beaty and Dr. Lewis.

14       **II.     Whether the ALJ Erred in Evaluating Plaintiff's Symptom Testimony**

15   Plaintiff testified to having daily migraines, neuropathy in her left arm, and pain in her

16   right ankle, neck, back, hips, and stomach. AR 813-19. She testified that Botox injections and

17   prescription medicine only temporarily helped her migraines. AR 812-13. She testified that the

18   neuropathy in her left arm prevents her from lifting and holding things, and she is only able to sit

19   for 15 minutes before her legs go numb due to spine issues. AR 816-17. She also testified that

20   her right ankle became permanently dislocated after it was ran over by a car, and it often "pops

21   out" when she is walking short distances. AR 818-19. As to her mental health, Plaintiff testified

22   that her social anxiety prevents her from leaving the house without her wife, she has two to three

23   panic attacks every day, and she has difficulties concentrating. AR 819.

24

1    The ALJ rejected Plaintiff's testimony, citing inconsistencies with (1) Plaintiff's

2    treatment history, (2) the objective medical evidence, and (3) Plaintiff's daily activities, but the

3    Court finds the ALJ reasonably rejected only a part of, but not all, of Plaintiff's testimony. *See*

4    AR 779-84.

5    For example, with respect to the ALJ's first reason, an ALJ may discount the claimant's

6    testimony when the "'level or frequency of treatment is inconsistent with the level of

7    complaints.'" *Molina*, 674 F.3d at 1113. Here, the ALJ rejected Plaintiff's testimony regarding

8    her ankle pain because she was only prescribed ace wraps, physical therapy, and home pain

9    remedies after finding no apparent fractures, dislocation, erosion, or destruction. AR 591, 715,

10   1434, 1440-41. Based on these findings, the ALJ could reasonably reject Plaintiff's testimony

11   regarding her ankle pain's effect on her walking abilities.

12   Similarly, with respect to the ALJ's second reason, an ALJ may reject a claimant's

13   symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r,*

14   *Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428,

15   1434 (9th Cir.1995)). In rejecting Plaintiff's testimony regarding her difficulties with

16   concentrating, the ALJ cited treatment notes showing largely normal mental status exam

17   findings. AR 782. Plaintiff's record consistently showed that despite Plaintiff's depression, she

18   was found alert with appropriate affect and insight, she could articulate well with normal speech,

19   she could recall recent and remote events, her fund of knowledge was intact, and her ability to

20   concentrate was normal. AR 586, 671-72, 682, 688, 697, 701, 703, 1367, 1369, 1378, 1552,

21   1606, 1611-12. Thus, given these findings, the ALJ could also reasonably discount Plaintiff's

22   testimony about her inability to concentrate based on its inconsistency with the medical

23

24

evidence. But the ALJ could not reasonably discount Plaintiff's testimony about the rest of her

impairments for this same reason.

For example, in rejecting Plaintiff's testimony regarding her migraines and neck pain, the

ALJ specifically cited evidence from Plaintiff's neurologist, who prescribed medication that

temporarily helped in diminishing her headaches. AR 773. However, the same treatment notes

often highlighted their "limited benefits." AR 569, 576. In one instance, Dr. Bell indicated that

the medication was of "limited assistance," and he was unsure of whether they were helpful. AR

574, 595, 597. The ALJ also pointed to the administration of Botox injections to Plaintiff's neck,

but treatment notes show they produced "mixed results," causing increase in neck pain but some

improvement in her headaches. AR 731. Further, treatment notes show Plaintiff's neck pain and

tenderness persisted. AR 678, 687, 695, 702, 1629-30.

As to Plaintiff's mental health impairments, the ALJ identified Plaintiff's weekly group

therapy notes describing Plaintiff as attentive, able to participate, and supportive. AR 783. But

the notes also emphasized Plaintiff's anxiety and ability to feel only safe around those within the

group. AR 1265, 1268.  Additionally, while her depression was found "stable" at times and there

were positive effects from medication and therapy, the latest treatment notes from Dr. Wingate

show she still had difficulty getting along with others and was advised to seek intensive therapy.

AR 1380.

By citing only to treatment notes that showed some improvement with Plaintiff's

migraines, neck pain, and mental health, the ALJ improperly "pick[ed] out a few isolated

instances" to support his conclusion without "understanding of the patient's overall well-being

and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). The

1    Court, therefore, cannot say the ALJ reasonably rejected Plaintiff's testimony as to these

2    symptoms based on their inconsistency with the medical evidence.

3            Finally, as to Plaintiff's neuropathy and spine issues, the ALJ identified unremarkable CT

4    findings, and again cites Plaintiff's treatment notes from her obstetrician-gynecologist after

5    undergoing a Caesarian section. AR 1445, 1633-34. But the ALJ fails to explain why they

6    necessarily contradict as Plaintiff's statements as to the intensity of her symptoms, and inability

7    to lift objects or sit for more than 15 minutes before going numb. *See* AR 1545. Without more,

8    the Court cannot say that the ALJ properly Plaintiff's rejected testimony based on its consistency

9    with the medical evidence. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

10           With respect to the ALJ's third reason, an ALJ may reject a plaintiff's symptom

11   testimony based on her daily activities if they contradict her testimony or "meet the threshold for

12   transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*,

13   885 F.2d 597, 603 (9th Cir. 1989)). However, "the mere fact that a plaintiff has carried on certain

14   daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not

15   in any way detract from her credibility as to her overall disability.  One does not need to be

16   'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.

17   2001) (quoting *Fair*, 885 F.2d at 603).

18           Here, the ALJ rejected Plaintiff's testimony based on her ability to care for her pets,

19   manage self-care, perform household chores, and maintain relationships with a friend and her

20   then fiancé. AR 782. But at most, these activities reflect the basic elements of living a normal

21   life, and do not supply a reasonable basis for discrediting Plaintiff's testimony about her physical

22   and mental health symptoms. *See Vertigan*, 260 F.3d at 1050. The Court, therefore, finds the

23   ALJ erred in rejecting Plaintiff's testimony based on her activities of daily living.

24

1    In sum, while the ALJ reasonably rejected Plaintiff's testimony as to her right ankle pain

2 and inability to concentrate based their inconsistencies with the medical evidence, the ALJ failed

3 to provide clear and convincing reasons to reject her testimony as to her migraines, neck pain,

4 mental health, neuropathy, and spine. The Court, therefore, finds the ALJ erred in rejecting these

5 portions of Plaintiff's testimony.

6    As previously stated, an error is harmless only if it is not prejudicial to the claimant or

7 "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner,*

8 *Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. In

9 this case, had the ALJ properly evaluated Plaintiff's entire testimony, the ALJ may have

10 incorporated Plaintiff's limitations into Plaintiff's RFC and thus change the ALJ's decision that

11 Plaintiff was not disabled

12    **III.    Whether the ALJ Erred in Evaluating Lay Witness Testimony**

13    In May 2015, Nikki Atwood, Plaintiff's then girlfriend, provided a statement stating

14 Plaintiff panics in groups or when around others she does not know because of her social

15 anxiety. AR 453. In June 2017, Ms. Atwood wrote Plaintiff cannot stand in one spot for too long

16 and her hands go numb after two minutes. AR 510.

17    In its 2020 order, this Court found the ALJ provided a germane reason to properly reject

18 both of these statements. AR 882. The ALJ considered new testimony provided by Ms. Atwood

19 in January 2021, but it is substantially similar to her previous testimonies and generally states

20 that Plaintiff's condition has worsened since 2017. AR 453-59, 509-13, 1195-96.

21    As stated above, the law of the case doctrine generally prohibits a court from considering

22 an issue that has already been decided by that same court or a higher court in the same

23 case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citations omitted). Because the new

24

1    evidence the ALJ considered here is not substantially different from the evidence previously

2    considered, the law of the case doctrine applies, and the Court will not disturb its previous

3    finding that the ALJ properly rejected lay witness testimony.

4          **IV.    Whether the ALJ Erred in Assessing Plaintiff's RFC**

5          Plaintiff contends the ALJ erred in assessing her RFC in light of the ALJ's evaluation of

6    the medical opinions and her testimony.  Dkt. 11, pp. 17-18.

7          The Court has determined that the ALJ erred in rejecting the medical opinion of Dr.

8    Wingate and parts of Plaintiff's testimony. Thus, the ALJ must reassess Plaintiff's RFC on

9    remand.

10         **V.    Whether to Remand for An Award of Benefits**

11         Plaintiff requests that this Court remand this matter for an award of benefits. Dkt. 11, pp.

12   19-20

13         The Court may remand a case "either for additional evidence and findings or to award

14   benefits." *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996)*.* Generally, when the Court

15   reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

16   agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

17   Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

18   evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211

19   F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

20              the ALJ has failed to provide legally sufficient reasons for rejecting [the
                claimant's] evidence, (2) there are no outstanding issues that must be
21              resolved before a determination of disability can be made, and (3) it is
                clear from the record that the ALJ would be required to find the claimant
22              disabled were such evidence credited.
         *Smolen*, 80 F.3d at 1292.

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 13

1       In this case, the Court found the ALJ erred in evaluating medical opinion evidence and

2  Plaintiff's subjective symptom testimony. Because these outstanding issues remain and because

3  they affect the determination of Plaintiff's RFC, remand for further consideration of this matter

4  is the appropriate remedy.

5                     <u>CONCLUSION</u>

6       Based on the foregoing reasons, the Court hereby finds the ALJ erred in concluding

7  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

8  this matter is remanded for further proceedings in accordance with the findings contained herein

9       Dated this 26th day of August, 2022.

10

11

David W. Christel

12                 United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 14